UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DIONNE LAMONT GATLING,          )
                                )
        Petitioner,             )
                                )
    vs.                         )          Case No. 4:23 CV 79 RWS
                                )
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )

**MEMORANDUM AND ORDER**

This matter is before me on the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Dionne Gatling. On February 12, 2019, Gatling pleaded guilty to (1) conspiracy to distribute five kilograms or more of cocaine; (2) conspiracy to distribute one kilogram or more of heroin; (3) attempt to possess with the intent to distribute one kilogram of heroin; (4) attempt to possess with the intent to distribute five kilograms or more of cocaine; and (5) discharge of a firearm in furtherance of a drug trafficking crime, aiding and abetting another and acting together, resulting in the deaths of Theodis Howard and Terrance Morgan. Criminal Case No. 4:14CR88 RWS ECF 704, 706, 707, 777.

On May 24, 2019, I sentenced Gatling below the sentencing guidelines range to 324 months' imprisonment in accordance with the joint recommendation of the parties. Criminal Case No. 4:14CR88 RWS ECF 749, 751, 752, 779. On March 9,

2020, the Eighth Circuit dismissed Gatling's appeal challenging the reasonableness of his sentence in accordance with the valid and enforceable appeal waiver contained in his plea agreement.  Criminal Case No. 4:14CR88 RWS ECF 789, 790.  Gatling did not file a petition for certiorari in the Supreme Court, so his conviction became final on or about August 6, 2020.

Gatling's sole ground for relief is that his conviction for discharge of a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j), is no longer valid in light of the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022).  Respondent moves to dismiss Gatling's claim as time-barred and waived by the terms of his plea agreement.  Respondent also seeks dismissal because *Taylor* does not apply to Gatling's claims.  Gatling's 2255 motion is dismissed for the following reasons.

Even if Gatling's motion were timely filed, it is still barred by the waiver in his plea agreement that precludes collateral attacks for anything other than ineffective assistance of counsel or prosecutorial misconduct.  Criminal Case No. 4:14CR88 RWS ECF 706 at 26.  A criminal defendant "may waive the right to seek collateral relief under § 2255."  *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011).  "Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the

2

plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." *Id.*

All these requirements are met here. First, Gatling is not bringing a claim of ineffective assistance of counsel or prosecutorial misconduct.  Second, the Eighth Circuit has already determined that "Gatling entered the plea agreement and appeal waiver (of which the collateral attack waiver is a part) knowingly and voluntarily." Criminal Case No. 4:14CR88 RWS ECF 789 at 6.  Because this issue has been decided adversely to Gatling on direct appeal, he cannot relitigate it here.  *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011).  Finally, no miscarriage of justice will result because, as discussed below, *Taylor* does not apply to Gatling's case.

Section 924(c) provides for the conviction of "any person who, during and in relation to any ***crime of violence or drug trafficking crime***… uses or carries a firearm, or who, in furtherance of any such crime, possess a firearm."  18 U.S.C. § 924(c)(1)(A) (emphasis added).  In *Taylor*, the Supreme Court addressed whether an attempted Hobbs Act robbery constituted a "crime of violence" under the statute.  142 S. Ct. at 2018.  It held that it does not qualify as a crime of violence because it does not categorically require the government prove the use, attempted use, or threatened use of force.  *Id.* However, Gatling's 924(c) conviction was predicated on *a drug trafficking crime*, not a crime of violence. His conviction,

3

therefore, is wholly unaffected by *Taylor.  See United States v. Hughes*, No.

2:15CR00015-013, 2022 WL 3039764, at \*2 (W.D. Va. Aug. 1, 2022) ("*Taylor*

simply does not move the imposition of sentence under § 924(c) for a drug

trafficking crime beyond the court's statutory authority."); *see also Birtha v.*

*Gilley*, No. CV 6: 22-201-DCR, 2022 WL 16579301, at \*3 (E.D. Ky. Nov. 1,

2022) (collecting cases); *Corredor v. United States*, 2020 WL 5850960, at \*3 (Oct.

1, 2020) (collecting cases re: the Supreme Court's related decision in *United States*

*v. Davis*, 139 S. Ct. 2319 (2019)).

Because Gatling is plainly entitled to no relief, no evidentiary hearing is

required.   *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).  As

Gatling has not made a substantial showing of the denial of a federal constitutional

right, this Court will not issue a certificate of appealability.  *See Cox v. Norris*, 133

F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.

1994)) (substantial showing must be debatable among reasonable jurists,

reasonably subject to a different outcome on appeal or otherwise deserving of

further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to dismiss [3] is

granted, and Dionne Lamont Gatling's motion to vacate, set aside or correct his

sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Gatling has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of August, 2023.

5